■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER JACKSON, Appellant.—Judgment, Supreme Court, Bronx County, rendered August 4, 1976, convicting defendant after a jury trial of robbery in the first degree and sentencing him to a term of 8⅓ to 25 years is unanimously modified, as a matter of discretion in the interest of justice to the extent of reducing the sentence to 5 to 15 years, and otherwise affirmed. The crime for which the defendant was convicted clearly merited substantial punishment. Under all the circumstances, however, we do not believe there was justification for the imposition of the maximum sentence. Indeed, it appears from the sentencing minutes that the Trial Judge was under the mistaken impression that the defendant would be able to receive time off for good behavior from the minimum fixed, reducing the minimum to some 5½ years. For the foregoing reasons, the sentence imposed is excessive to the extent indicated. Concur—Lupiano, J. P., Birns, Lane and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK GREEN, Appellant.—Judgment, Supreme Court, New York County, rendered on August 5, 1975, unanimously affirmed. Concur—Evans, Fein and Markewich, JJ.; Silverman, J. P., concurs in the following memorandum: Defendant, clearly guilty of felony murder, was permitted to plead guilty to the crime of attempted robbery in the first degree (Penal Law, §§ 160.15, 110.00), a class C felony, and was sentenced pursuant to the plea bargain to an indeterminate term of imprisonment with a maximum of five years and no minimum. He is no longer incarcerated and is now on parole. The only point urged by appellant on this appeal is that the sentence is excessive. As he is no longer incarcerated, it is urged that he should be relieved from "the stigma of parole supervision" for the relatively short remaining period of his sentence. On the facts of this case the argument is simply frivolous. It is of course the duty of appellant's attorney to present the best argument that he can reasonably and fairly make in the light of the evidence and the law. This duty does not go so far as to require the presentation of frivolous arguments. It may well be that a defendant in a hopeless case is not hurt by the presentation of a frivolous argument on appeal and that it is a simpler and less time consuming way to dispose of the matter than to go through the regular procedure in such matters, i.e., a frank avowal to the court after an examination of the record that there appears to be no nonfrivolous ground for appeal, coupled with a motion to be relieved as counsel and a copy of the brief to the defendant with notice to the defendant that he may present whatever argument he wishes to the appellate court. *(People v Saunders,* 52 AD2d 833.) These considerations of expediency must be weighed against the duty of any attorney not to present frivolous arguments to the court, a duty which the attorney owes to the court, to the public's respect for the legal profession, and not least of all to himself and to his own conception of his function as a lawyer in society.